UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CAROL BROWN, individually and on behalf
of all others similarly situated

    Plaintiff,

**CA 07 115** ML

vs.        C.A. No. _____

MENU FOODS, INC.,
MENU FOODS INCOME FUND,
MENU FOODS MIDWEST CORPORATION,
MENU FOODS SOUTH DAKOTA, INC.

    Defendants.

### CLASS ACTION COMPLAINT

Plaintiff Carol Brown (hereinafter "Plaintiff") brings this class action complaint against defendant Menu Foods, Inc., Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota, Inc, (hereinafter collectively "Menu Foods" or "Defendants") to seek redress for herself and all other individuals injured by defendant's sale of contaminated pet food throughout the United States.

### NATURE OF THE CASE

1.    Defendants, one of the largest pet food manufacturers in the world, whose products are sold under numerous brand names by several national chain stores throughout the United States, recently issued a massive recall of over 90 brands of cat and dog food (hereinafter "Product").

2. The recall was issued as a result of evidence that the dog and cat food which the defendants produced has caused an unknown number of cats and dogs to become ill and or has caused renal failure and death.

3. When ingested by an animal, the contaminated pet food can cause immediate renal failure, resulting in the complete shutdown of the animal's kidneys and, ultimately, its death..

4. Defendants', actions in selling the contaminated food and failing to issue the recall sooner were reckless and in breach its duties and warranties to its customers.

5. Those actions were a proximate cause of injury to and the deaths of currently untold numbers of cats and dogs.

## PARTIES

6. Plaintiff Carol Brown is a citizen of Johnston, Rhode Island.

7. Defendant, Menu Foods is a New Jersey Corporation.

8. Defendant, Menu Foods Income Fund is an unincorporated company with its principal place of business in Ontario, Canada.

9. Defendant, Menu Foods Midwest Corporation is a Delaware corporation.

10. Defendant, Menu Foods South Dakota, Inc. is a Delaware corporation.

## JURISDICTION

11. The Court has original jurisdiction over this complaint pursuant to 28 U.S.C. 1332(d) because (a) plaintiff and numerous members of her putative class are citizens of states different from those of which Menu Foods is a citizen, (b) the

2

.amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (c) none of the jurisdictional contained in 28 U.S.C. § 1332(d)(4)-(5) applies to the instant action.

## VENUE

12. Venue is proper in this district under exceptions, inter alia, 28 U.S.C. §§ 1391 (a)(1).

## FACTS

13. Defendants holds themselves out to the public as a manufacturer of safe, nutritious, and high-quality dog and cat food.

14. Defendants make numerous express warranties about the quality of its food and its manufacturing facilities.

15. For example, Defendants tout the claim that it "manufacture[s] the private-label, wet pet-food industry's most comprehensive product program with the highest standards of quality" and it operates "state-of-the-art" manufacturing facilities in the United States and Canada.

16. Defendants intended for pet owners to believe its statements and trust that its pet food is of first-rate quality.

17. On or about March 16, 2007, Defendants announced a recall of approximately 42 brands "cuts and gravy" style dog food and 51 brands of "cuts and gravy" style cat food, all produced at Defendants' facility in Emporia, Kansas, between Dec, 3, 2006, and March 6, 2007.

18. Weeks before the recall, Defendants had received numerous complaints indicating that the pet food originating from the Emporia plant was killing pets.

3

19. As a result of these complaints, Defendants tested its food on approximately 40 to 50 pets. Seven of those pets died after ingesting the food.

20. Despite having actual knowledge of both the complaints it received and its own study, Defendants delayed for weeks before issuing the notice of recall.

## FACTS RELATING TO THE NAMED PLAINTIFF

21. On or about December 5, 2006, Plaintiff Carol Brown purchased Nutro Max from the retailer, Petco for her Shih Tzu breed dog named Bro Hammer.

22. Plaintiff's dog, Bro Hammer died on January 5, 2007 as a direct result of the ingestion of Nutro Max manufactured in the United States by Defendants.

## CLASS ALLEGATIONS

23. Plaintiff Carol Brown brings this action, pursuant to FRCP 23(h)(3), on behalf of herself and a class (the "Class") consisting of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall.

24. Upon information and belief, there are over tens of thousands of members of the Class such that joinder of all members is impracticable.

25. Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

    a. Did Defendants act negligently in failing to prevent the contamination of its pet food?

    b. Did Defendants act negligently in failing to warn its customers in a timely and effective manner of the danger of its pet food?

4

c. Did Defendants' breach express and/or implied warranties relating to the sale of its pet food?

d. Did Defendants act negligently in manufacturing or processing the pet food products?

e. Did Defendants' negligence cause loss or injury or damages?

26. Plaintiff will fairly and adequately protect the interests of the Class, her claims are typical of the claims of the members of the class, and she has retained counsel competent and experienced in class action litigation.

27. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the class cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions

## LEGAL CLAIMS

## COUNT I

## BREACH OF EXPRESS WARRANTIES

28. Plaintiff repeats and incorporates herein by reference each and every paragraph of this complaint as though set forth in full in this cause of action

29. Defendants expressly warranted that the Product was safe and well accepted by dogs and cats and was safe for long-term use.

30. The Product does not conform to these express representations because the Product is not safe and has high levels of serious, life-threatening side effects.

31. As a direct and proximate result of the breach of said warranties, Plaintiff was damaged and she is therefore entitled to damages.

## COUNT II

### BREACH OF IMPLIED WARRANTIES

32. Plaintiff repeats and incorporates herein by reference each and every paragraph of this complaint as though set forth in full in this cause of action

33. Defendants breached the implied warranty of fitness for a particular purpose by claiming certain of the pet food that it manufactured or produced and was recalled were fit and safe for consumption by pets and thereby violated the Uniform Commercial Code.

34. Defendants breached the implied warranty of merchantability. In fact, the pet food subject to recall and purchased or used by Plaintiff, the Class, and others was not merchantable. This breach violated the Uniform Commercial Code.

35. As a direct and proximate result of the breach of said warranties, Plaintiff was damaged and she is therefore entitled to damages.

## COUNT III

### STRICT PRODUCT LIABILITY - FAILURE TO WARN

36. Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

37. Defendants manufactured, marketed, distributed, and supplied

Defendants' Product to distribution centers throughout the United States. As such, Defendants had a duty to warn the public, including Plaintiff, of the health risks and possible death associated with using Defendants' Product.

38. Defendants' Product was under the exclusive control of Defendants, and was sold without adequate warnings regarding the risk of serious injury and other risks associated with its use.

39. Defendants failed to warn the public or Plaintiff in a timely manner of the dangerous propensities of Defendants' Product, which dangers were known or should have been known to Defendants, as they were scientifically readily available.

## COUNT IV

## STRICT PRODUCT LIABILITY – DEFECTIVE IN DESIGN OR MANUFACTURE

40. Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

41. Defendants were the manufacturers, sellers, distributors, marketers, and/or suppliers of Defendants' Product, which was defective and unreasonably dangerous to the Plaintiff's pets.

42. Defendants' Product was sold, distributed, supplied, manufactured, marketed, and/or promoted by Defendants, and was expected to reach and did reach consumers without substantial change in the condition in which it was manufactured and sold by Defendants.

7

43. The Product was manufactured, supplied, and/or sold by Defendants and was defective in design or formulation in that when it left the hands of the manufacturers and/or sellers it was unreasonably dangerous in that its foreseeable risks exceeded the benefits associated with the designs and/or formulations of the Product.

44. Upon information and belief, Defendants actually knew of the defective nature of Defendants' Product but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by Defendants' Product.

45. At all times, Plaintiff purchased the Product for its intended or reasonably foreseeable purpose.

46. As a direct and proximate result of the defective and unreasonably dangerous condition of the Product Plaintiff suffered damages.

## COUNT V

## NEGLIGENCE

47. Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

48. Defendants owed its customers a duty to offer safe, non-contaminated products in the stream of commerce.

49. Defendants breached this duty by failing to exercise due care in the producing, processing, manufacturing and offering for sale of the contaminated pet food described herein.

50. Defendants further breached this duty by failing timely and effectively to warn plaintiff and the class of the contamination even after it had actual knowledge

8

of that fact and of the resulting risks.

51. As a proximate cause thereof, plaintiff and her class suffered actual damages, including without limitation the cost of the contaminated pet food.

## COUNT VI

## UNJUST ENRICHMENT

52. Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

53. Defendants were and continue to be unjustly enriched at the expense of Carol Brown and other Class members.

54. Defendants should be required to disgorge this unjust enrichment.

## COUNT VII

## BREACH OF CONTRACT

55. Plaintiff repeats and incorporates by reference each and every paragraph of this complaint as though set forth in full in this cause of action.

56. Plaintiff and Class members purchased pet food produced by the Defendants based on the understanding that the food was safe for their pets to consume.

57. The pet food produced by the defendants was not safe for pets to consume and caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of contract.

58. As a result of the breach Plaintiffs and Class members suffered

damages which may fairly and reasonably be considered as arising naturally from the breach or may reasonably be supposed to have been in the contemplation of the parties, at the time they made the contract, as the probable result of the breach of it.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual damages;

3. Appropriate injunctive relief;

4. Medical monitoring damages;

5. Reasonable attorney's fees and costs; and

6. Such further and other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: 3/27/07

                  Carol Brown, individually and on behalf
                  of a class of similarly situated individuals.

                  Respectfully submitted,

By: /s/ Peter N. Wasylyk
Peter N. Wasylyk (RI Bar # 3351)
**Law Offices of Peter N Wasylyk**
1307 Chalkstone Ave.
Providence, RI 02908
(401) 831-7730 tel
(401) 861-6064 fax

Andrew S. Kierstead
**Law Office of Andrew S. Kierstead**
1001 SW Fifth Ave., Suite 1100
Portland, OR 97204
(508) 224-6246 tel
(508) 224-4356 fax

Marc Stanley
**Stanley, Mandel & Iola, L.L.P.**
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
(214) 443-4300 tel
(214) 443-0358 fax

**Counsel for Plaintiff**

11